UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

BARNETT CORPORATION, *et al.*,

Case No.: 8-22-73623-AST
Chapter 7

                              Debtors.
-------------------------------------------------------------------x
ALLAN B. MENDELSOHN, Solely In His
Capacity As Chapter 7 Trustee Of The Estates Of
Barnett Corp. and Barnett Forest LLC,

                           Plaintiff,            Adv. Pro. No.: 8-24-08149-AST

        - against -

COPAP Inc.,

                           Defendant.
-------------------------------------------------------------------x

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DIMISS AND GRANTING CHAPTER 7 TRUSTEE LEAVE TO REPLEAD WITH GREATER PARTICULARITY UNDER FED. R. CIV. PRO. RULE 8 and 15

Pending before the Court is the motion of Copap Inc. ("Defendant" or "Copap"), to dismiss the complaint of Allan B. Mendelsohn, as Chapter 7 Trustee of the Estates of Barnett Corp. ("Barnett") and Barnett Forest LLC (collectively, the "Debtors" or "Barnett Entities" or "Plaintiff"). Defendant seeks dismissal of the complaint under Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure (the "F.R.C.P."), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). For the reasons set forth below, Defendant's motion is partially and conditionally granted.

### JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (O), and 1334(b), and the Standing Orders of Reference in effect in the

Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2022, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code[1] [Case No. 22-73623, Dkt. No. 1; Case No. 22-73624, Dkt. No. 1]. On the same day, Allan B. Mendelsohn (the "Trustee") was appointed as the Chapter 7 Trustee in both cases.

On January 10, 2023, the Trustee filed a Motion for Joint Administration of the Debtors' cases [Case No. 22-73623, Dkt. No. 12; Case No. 22-73624, Dkt. No. 13].

On January 24, 2023, the Court held a hearing and granted the Trustee's Motion for Joint Administration.

On January 27, 2023, the Court entered an order consolidating the Debtors' cases to be jointly administered under Case No. 22-73623 with the caption name, "Barnett Corporation, et. al." [Case No. 22-73623, Dkt. No. 33; Case No. 22-73624, Dkt. No. 26].[2]

On December 20, 2024, the Trustee commenced the above captioned adversary proceeding (the "Adversary") by filing a complaint against Copap (the "Complaint") [Adv. Pro. No. 24-08149, Dkt. No. 1] The Complaint alleges the following nine (9) causes of action regarding a total of $3,789,372.07 of Barnett's property that was allegedly transferred to Copap (the "Transfers"):

- Fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

- Fraudulent conveyances pursuant to former New York Debtor & Creditor Law ("NYDCL") § 273;

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code").
[2] All future references to the docket reference the jointly administered case under Case No. 22-73623.

2

- Fraudulent conveyances pursuant to former NYDCL § 274;

- Fraudulent conveyances pursuant to former NYDCL § 275;

- Fraudulent conveyances pursuant to NYDCL § 273(a);

- Fraudulent conveyances pursuant to NYDCL §274;

- Unjust enrichment;

- Money had and received; and

- Disallowance of claims under 11 U.S.C. §§ 502(d) and (j).

On November 6, 2025, Copap filed a motion to dismiss the Complaint under F.R.C.P. 12(b)(2) and (6) (the "Motion") [Adv. Pro. No. 25-08149, Dkt. No. 17]. In the Memorandum of Law attached to the Motion (the "Memorandum"),Copap argues the following: (1) the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Trustee failed to make a *prima facie* showing that this Court has personal jurisdiction over Copap; (2) the Trustee failed to establish a *prima facie* claim for fraud under 11 U.S.C. § 548(a)(1)(B) and the NYDCL; and (3) the former provisions of the NYDCL do not apply to the Transfers.

On November 20, 2025, the Trustee filed an opposition to the Motion (the "Opposition"), asserting that all claims within the Complaint were sufficiently plead to satisfy F.R.C.P. 12(b)(2) and (6), with the exception of the causes of action brought under the former NYDCL. [Adv. Pro. No. 24-08149, Dkt. No. 20]. The current NYDCL went into effect on April 4, 2020, via the enactment of the New York Uniform Voidable Transactions Act (the "NYUVTA"), and effectively replaced the former NYDCL. See *In re Tops Holding II Corp.*, 646 B.R. 617, 642 n. 37 (Bankr. S.D.N.Y. 2022). The Trustee does not seek recovery for any alleged transfers that were made prior to April 4, 2020. Accordingly, that portion of the Motion seeking dismissal of the causes of action brought under the former NYDCL shall be granted.

**DISCUSSION**

*1. Legal Standard*

Copap's Motion is based on F.R.C.P. 12(b)(6), as incorporated by Bankruptcy Rule 7012. This Court has previously addressed the application of Rule 12(b)(6) and the flexible pleading standing established by the Supreme Court in several published decisions. See *In re Christodoulakis*, 2019 WL 360064, at 6* (Bankr. E.D.N.Y. Jan. 25, 2019), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); see also *In re Ippolito*, 2013 WL 828316, at *3–4 (Bankr. E.D.N.Y. Mar. 6, 2013); *In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011).

Under the Supreme Court's *Iqbal*/*Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 556; see also *Cleavland v. Caplow Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice[,]" accordingly, a court will not "accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (citing FED. R. CIV. P. 8(a)(2)). Further, in deciding Copap's Motion, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); see also *Int'l Tobacco Partners, Ltd.*, 462 B.R. at 385 (courts may "consider documents that are integral to the complaint in deciding a motion to dismiss.").

## 2. *Personal Jurisdiction*

Under F.R.C.P. 12(b)(2), as incorporated by Bankruptcy Rule 7012(b), a defendant may move to dismiss a case for lack of personal jurisdiction. To defeat a 12(b)(2) motion to dismiss, a plaintiff must "make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). There are two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction "is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018). Specific jurisdiction exists where a court "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum[.]" Id. "When specific jurisdiction is asserted, 'minimum contract necessary to support such jurisdiction exists where the defendant purposefully availed itself of the privilege of doing business in the form and could foresee being haled into court there.'" *In re Platinum & Palladium Antitrust*

*Litig.*, 61 F.4th 242, 269 (2d Cir. 2023) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013).

Here, the Trustee makes limited efforts to demonstrate that this Court has personal jurisdiction over Copap, a Canadian corporation. See Memorandum at 2. The Complaint's "Jurisdiction and Venue" section is void of any specificity, only containing a general assertion of jurisdiction: "This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b)." Complaint ¶ 4. Although the Trustee states in the Complaint that the allegedly fraudulent transfers were made to Copap from Barnett's U.S. headquarters and banks, see Complaint ¶ 32–33, Copap cannot be said to have personally availed itself to the benefits of doing business in the U.S. by merely being on the receiving end of Barnett's transfers. The Trustee elaborates on personal jurisdiction in the Opposition; specifically, the Trustee asserts Copap issued several invoices to Barnett in New York and cites a declaration that was not included in the original pleadings. See Opposition at 7–8. However, this declaration cannot be used to cure the deficiencies in the Trustee's Complaint because it was not included in the original pleadings. See *Laborers Local 17 Health & 17 Benefit Fund v. Philip Morris, Inc.*, 26 F.Supp.2d at 604 (S.D.N.Y. 1998) ("[e]xtrinsic materials . . . cannot be used to amend pleadings that are themselves insufficient."). Accordingly, the Trustee has failed to make a prima facie showing that this Court has personal jurisdiction over Copap.

3.  *Constructive Fraud*

Constructive fraud claims brought under 11 U.S.C. § 548(a)(1)(B) and the NYDCL must satisfy the general pleading requirements of Rule 8, made applicable here by Bankruptcy Rule 7008. FED. R. CIV. P. 8; see *In re Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 317, 332 (Bankr. S.D.N.Y. 2011) ("Under both the Code and the NYDCL, courts consistently hold that claims of

constructive fraud do not need to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). . . . Rather, the Trustee need only to satisfy Rule 8(a)[.]") (citations omitted). The Rule 8 general pleading standard requires that an allegation of constructive fraud contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]" FED. R. CIV. P. 8.

### a. 11 U.S.C. § 548(a)(1)(B)

With respect to a claim for constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), the plaintiff must demonstrate that "within two years of the petition date" the defendant (1) "transferred an interest in property," (2) "received less than reasonably equivalent value in exchange for such transfer," and (3) was (a) "insolvent at the time of the transfer or became insolvent as a result of the transfer," (b) "engaged in business or about to engage in business for which the defendant's remaining property was an unreasonably small capital," or (c) "intended to incur or believed that it would incur debts beyond its ability to pay as the debts matured." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 735 (Bankr. S.D.N.Y. 2008).

Here, even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under 11 U.S.C. § 548(a)(1)(B) do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to the value Barnett received in exchange for the Transfers fail to meet the *Iqbal/Twombly* standard. While the Trustee alleges "[t]he Transfers were made as part of Rosenthal's scheme involving the above referenced Fictitious Receivables and Converted Receivables[,]" Complaint ¶ 29, and "Barnett's books and records do not appear to contain purchase orders or invoices or other documentation to indicate a proper basis for the Transfers[,]" Complaint ¶ 35, these allegations fail to address how much value Barnett received from Copap for the Transfers and the reasonableness of such value. Further, while

7

the Trustee attached a table of transfers to the Complaint, see Complaint, Exhibit A, absent from the Complaint is any factual support for the assertion that Barnett did not receive "reasonably equivalent value" for the transfers. The table only shows how many transfers were made, when the transfers were made, and how much was transferred on each date. Therefore, the Trustee has not met the *Iqbal*/*Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under 11 U.S.C. § 548(a)(1)(B). The Trustee must plead facts which, if accepted as true, would allow the Court to draw a reasonable inference that Barnett did not receive reasonably equivalent value in exchange for the Transfers.

### b. NYDCL §§ 273(a) and 274

The Complaint alleges causes of action under both the former and current NYDCL. The current NYDCL went into effect on April 4, 2020, via the enactment of the New York Uniform Voidable Transactions Act, replacing the former NYDCL. Accordingly, any transactions that allegedly occurred on or after April 4, 2020 are governed by the current NYDCL while any transactions that allegedly occurred before April 4, 2020 are governed by the former NYDCL. However, the Trustee failed to specify which allegedly fraudulent transactions are governed by the former NYDCL and which are governed by the current NYDCL. As previously discussed, the Trustee does not seek recovery for any alleged transfers that were made prior to April 4, 2020. Accordingly, that portion of the Motion seeking dismissal of the causes of action brought under the former NYDCL shall be granted.

To establish a claim for a constructively fraudulent transfer under the current NYDCL, the plaintiff must demonstrate that (1) the transfer was "made without fair consideration[,]" (2) "the [defendant] was insolvent or was rendered insolvent by the transfer," and (3) the defendant (a) "was left with unreasonably small capital" or (b) "intended or believed that it would incur debts

8

beyond its ability to pay as the debts matured." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 734 (citing NYDCL §§ 272–75).[3] "Fair consideration" may be established by showing either (1) a lack of fair or reasonably equivalent value or (2) a lack of good faith on the part of the transferee. *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 110 (Bankr. S.D.N.Y. 2011) (citations omitted).

Here, even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under the NYDCL do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to whether Barnett received fair consideration in exchange for the Transfers are purely conclusory. See Complaint ¶ 46 ("The Transfers were made without fair consideration.") and Complaint ¶ 47 ("The Transfers were made without good faith"). Further, the table of transfers attached to the Complaint, see Complaint, Exhibit A, does not provide any factual support for the assertion that Barnett did not receive "fair consideration" for the Transfers for the same reasons discussed above regarding "reasonably equivalent value." Therefore, the Trustee has not met his *Iqbal*/*Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under the NYDCL. The Trustee must plead facts which, if accepted as true, would allow the Court to draw the reasonable inference that Barnett did not receive "fair consideration" in exchange for the Transfers.

### 4. *Unjust Enrichment and Money Had and Received*

---

[3] The current NYDCL focuses on whether "reasonably equivalent value" was provided in exchange for the alleged transfers while the former NDYCL focuses on whether "fair consideration" was provided. However, the analyses under the former and current NYDCL are sufficiently similar such that the Court need not perform separate analyses for the pre-April 4, 2020 transfers and the post-April 4, 2020 transfers. *See In re Fun Bowl Vacations, Inc.*, 666 B.R. 867, 877 fn. 9 (Bankr. S.D.N.Y. 2025); *see also Makmudova v. Cohen*, No. 521869/2016, 2024 WL 3361238, at *7 (N.Y. Sup. Ct. July 10, 2024) ("The NYDCL, with the adoption of the UVTA, did not substantially change existing New York law . . ."); *Official Comm. of Unsecured Creditors v. Leucadia Nat'l Corp.* (*In re Vivaro Corp.*), 524 B.R. 536, 550 (Bankr. S.D.N.Y. 2015) ("Courts use the term 'fair consideration' interchangeably with 'reasonably equivalent value,'. . . when examining constructive fraud claims.") (citation omitted).

To establish a claim for unjust enrichment, the plaintiff must assert that (1) the defendant was enriched, (2) at the debtor's expense, and (3) "equity and good conscience militate against permitting [the] defendant to retain what the plaintiff is seeking to recover." *In re Trinsum Grp., Inc.*, 460 B.R. 379, 395 (Bankr. S.D.N.Y. 2011). "A money had and received claim is essentially identical to an unjust enrichment claim and requires allegations that '(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money.'" *Rynasko v. New York University*, 63 F.4th 186, 201 (2d Cir. 2023) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 125 (2d Cir. 1984)).

Generally, "'[t]he theory of unjust enrichment lies as a quasi-contract claim[.]'" *In re Maidan*, No. 8-19-77027-LAS, 2022 WL 4125034, at *9 (Bankr. E.D.N.Y. Sept. 9, 2022) (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d. 561, 572 (2005)). Accordingly, "a plaintiff is precluded from relief on an unjust enrichment claim if 'the parties executed a valid and enforceable written contract governing a particular subject matter.'" *In re Lynch*, No. 15-74795 (AST), 2021 WL 1747360, at *7 (Bankr. E.D.N.Y. Apr. 30, 2021) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009)). The same applies to the theory of money had and received. See *Rynasko*, 63 F.4th at 202.

Here, the Trustee's causes of action for unjust enrichment and money had and received are no more than "formulaic recitation[s]" of the required elements of each claim. *Twombly*, 550 U.S. at 555. Under his cause of action for unjust enrichment, the Trustee states: "Defendant unfairly benefited from the Transfers[,]" "As a matter of equity and good conscience, Defendant should not be allowed to retain the Transfers[,]" and "Defendant has been unjustly enriched by the Transfers to the detriment of Barnett and its bankruptcy estate." Complaint ¶¶ 71–73. Similarly,

under his cause of action for money had and received, the Trustee states: "By Defendant's receipt of the Transfers, Defendant received and benefited from the money belonging to Barnett[]" and "[u]nder the principles of good conscience, Defendant should not be allowed to retain the Transfers." Complaint ¶¶ 76–77.

Further, absent from the Complaint is any allegation that there was, or was not, any type of contract or quasi-contract between Copap and Barnett. Copap alleges that the Transfers were made pursuant to valid and enforceable contracts between Copap and Barnett. See Memorandum at 6. The Trustee must plead facts which, if accepted as true, would allow the Court to draw the reasonable inference that the Transfers were not made pursuant to a contract or quasi-contract between Copap and Barnett. Accordingly, the Trustee has not met his *Iqbal*/*Twombly* standard with respect to the cause of actions for unjust enrichment and money had and received.

### 5. *Disallowance of Claims under 11 U.S.C. § 502(d) and (j)*

Section 502(d) provides that "the court shall disallow any claim of an entity . . . that is a transferee of a transfer avoidable under section . . . 548[.]" 11 U.S.C. § 502(d). Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause[]" and that "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). To plead a legally sufficient claim for disallowance under 11 U.S.C. § 502(d), the Trustee must plead a legally sufficient avoidance claim and "a proof of claim must have actually been filed in the case by the creditor whose claim the debtor seeks to disallow." *In re 45 John Lofts, LLC*, 599 B.R. 730, 750 (Bankr. S.D.N.Y. 2019). If either of these two elements have not been met, "the Court must dismiss the disallowance causes of action." *Id.*

Here, Copap is "the creditor whose claim the debtor seeks to disallow[,]" and, as Copap asserts, see Memorandum at 20, Copap has not filed a proof of claim.[4] Thus, the Trustee has not met his *Iqbal/Twombly* and Rule 8 burden with respect to his cause of action brought under 11 U.S.C. §§ 502(d) and (j); thus, that claim is also dismissed.

## 6. Leave to Amend

Federal Rule of Civil Procedure 15, as incorporated by Bankruptcy Rule 7015, governs motions to amend pleadings and provides: "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). This Court has previously stated that:

> [l]eave to amend should be denied upon a showing of prejudice or bad faith, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010), or where an amendment would be futile, *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001), but not simply because a plaintiff has failed to file a formal motion. *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *Khafaga*, 419 B.R. at 552-53.

*In re Ippolito*, 2013 WL 828316, at *5; see also *In re Martelloni*, 2013 Bankr. LEXIS 4554, at *16 (Bankr. E.D.N.Y. Oct. 31, 2013).

## CONCLUSION

Based on the foregoing; it is hereby

**ORDERED**, that Copap's Motion is granted in part and conditionally granted in part as set forth herein; and it is further

**ORDERED**, that the Motion is granted as to the second, third, and fourth causes of action brought under the former NYDCL, and the ninth cause of action brought under 11 U.S.C. §§ 502(d) and (j) and those causes of action are dismissed; and it is further

---

[4] The deadline for filing claims was March 30, 2023; Copap did not assert a claim by that deadline and may not assert one now.

**ORDERED**, that the Motion is conditionally granted as to personal jurisdiction as well as the first cause of action for constructive fraud under 11 U.S.C. § 548(a)(1)(B), the fifth and sixth causes of action for fraudulent transfers pursuant to the NYDCL §§ 273(a) and 274, the seventh cause of action for unjust enrichment, and eight cause of action for money had and received; the Trustee shall **have twenty-one (21) days** from entry of this Order to replead with greater specificity as to those causes of action; should the Trustee fail to timely replead, those causes of action will also be dismissed; and it is further

**ORDERED**, that if an Amended Complaint is timely filed and served, Copap shall file and serve a responsive pleading within **fourteen (14) days** from service of the Amended Complaint.



Dated: February 13, 2026
      Central Islip, New York

                                                 Alan S. Trust
                                   Chief United States Bankruptcy Judge